IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RAYMOND CHRISTOPH**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-2152-L** |
| | § | |
| **C. YOUNG, et al.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Raymond Christoph's ("Christoph" or "Plaintiff") Complaint, filed July 6, 2012. The case was referred to Magistrate Judge Jeff Kaplan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on August 6, 2012, recommending that Plaintiff's complaint be denied. Specifically, the magistrate judge concluded that Plaintiff failed to state a cognizable claim under 42 U.S.C. § 1983 for the intentional deprivation of his property or the failure to investigate his grievances. Christoph concedes in his objections that his allegation regarding the failure to investigate grievances is not a separate complaint; rather, it is part of his claim for the intentional deprivation of his property without due process.

Christoph filed objections to the Report on September 5, 2012. Christoph objects to the magistrate judge's determination that he has failed to raise a cognizable claim upon which relief may be granted pursuant to 42 U.S.C. § 1983. He contends that his claim is actionable under § 1983 because he asserts violations of his constitutional rights under the Fourth and Fourteenth Amendments.

**Memorandum Opinion and Order - Page 1**

Intentional deprivation of property by state officials that is random and unauthorized does not give rise to a civil rights claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)); *see also Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007). Contrary to what Christoph asserts, he does not allege a violation of the Fourth or Fourteenth Amendments because Texas law provides him with an adequate post-deprivation remedy for the confiscation of property: the common law cause of action for conversion. *Murphy v. Collins*, 26 F.3d 541, 543-44 (1994).

In his objections, Christoph, a prisoner, contends that the confiscation of property from his cell by Sergeant C. Young violated his federal "constitutional guarantees of protection against illegal search and seizure." Pl.'s Answer and Objections to Findings and Recommendations of the United States Magistrate Judge 2. Prison inmates, however, do not have a reasonable expectation of privacy in their prison cells entitling them to the protection of the Fourth Amendment guarantees against unreasonable searches and seizures. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Moreover, Christoph asserts that the Fourth Amendment requires "a hearing some time before a person is deprived of his property interest." Pl.'s Answer and Objections to Findings and Recommendations of the United States Magistrate Judge 2. This is an incorrect statement of the law. Due process does not require a predeprivation hearing before the state interferes with any property interest enjoyed by its citizens. As the Supreme Court has recognized, "postdeprivation remedies made available by the State can satisfy the Due Process Clause." *Parratt*, 451 U.S. at 538. "The usual rule has been where only property rights are involved, mere postponement of the judicial enquiry is not a denial of due

**Memorandum Opinion and Order - Page 2**

process, if the opportunity given for ultimate judicial determination of liability is adequate." *Id.* at 540 (citations and internal quotation marks omitted).

For similar reasons, Plaintiff does not allege a constitutional violation of his Fourteenth Amendment due process rights. Only deprivations of property without due process of law may be redressed under the Fourteenth Amendment. *See Collins v. King*, 743 F.2d 248, 252 (5th Cir. 1984) ("After *Paratt*, then, it is necessary, in order to make out a procedural due process claim, for one to allege not only a deprivation of property by state action, but also that state procedures available for challenging the deprivation do not satisfy the requirements of due process.") (citations and internal quotations marks omitted). The court determines that Plaintiff was not deprived of his property without due process of law. Plaintiff availed himself of the opportunity to be heard after he was deprived of his property. According to his complaint, after Sergeant Young confiscated his property, he "timely filed an I-127 administrative remedy grievance form." Pl.'s Complaint 6. Moreover, after the warden decided against Plaintiff, Plaintiff appealed the decision to the Regional Director. *Id.* Christoph asserts that these "investigations were lackadasical [sic] at best and [the state officials were] merely going through the motions for the sake of procedure." *Id.* These statements, however, are merely conclusory. Even assuming Plaintiff's administrative remedies were inadequate, he nonetheless has an adequate postdeprivation remedy under Texas law.

Because Plaintiff's claim concerning the intentional deprivation of his property without a predeprivation hearing does not amount to a violation of the Fourth or Fourteenth Amendments, his claims are not actionable under § 1983. Therefore, his objections are **overruled.**

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate

judge are correct, and **accepts** them as those of the court.  Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's complaint under 42 U.S.C. § 1983 is **dismissed with prejudice**.

**It is so ordered** this 2nd day of November, 2012.

_____
Sam A. Lindsay
United States District Judge