IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND CHRISTOPH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-2152-L-BN |
| | § | |
| C. YOUNG, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a *pro se* civil rights action brought by Raymond Christoph, a Texas prisoner, alleging that his cell was entered while he was incarcerated in the Dallas County Jail and that a jail employee, Sergeant C. Young, wrongfully seized his personal property. Plaintiff also claims that two other jail employees, Warden R. Winfield and Linda Richey, failed to investigate and remedy his grievances.

On July 6, 2012, Plaintiff tendered a civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds

-1-

necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed.

The Court sent written interrogatories to Plaintiff to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on July 31, 2012. Magistrate Judge Jeff Kaplan then recommended that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2) because he concluded that Plaintiff failed to state a cognizable civil rights claim for the confiscation of his property or the failure to investigate his grievances. *See* Dkt. No. 11. Plaintiff submitted objections that were overruled by United States District Judge Sam A. Lindsay. *See* Dkt. No. 16. Judge Lindsay accepted the findings and recommendation of Judge Kaplan and dismissed the case with prejudice. *See id.*

On appeal, the United States Court of Appeals for the Fifth Circuit found that the *Parratt/Hudson* doctrine – under which a deprivation of a property interest does not give rise to a civil rights claim for deprivation of due process unless the state fails to provide an adequate post-deprivation remedy – does not apply to Plaintiff's First Amendment freedom of expression claim. *See* Dkt. No. 28. Accordingly, the Fifth Circuit vacated and remanded the case for additional proceedings. *See id.*

The undersigned now concludes that Plaintiff's claims for violation of his Fourth Amendment rights and Fourteenth Amendment due process rights, and all claims against Warden R. Winfield and Linda Richey, should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's First Amendment freedom of expression claim should be permitted to proceed, and Sergeant C. Young should be served by the

United States Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Judge Lindsay has previously determined that Plaintiff does not allege a constitutional violation of his Fourth Amendment guarantees against unreasonable searches and seizures because prison inmates do not have a reasonable expectation of privacy in their prison cells. *See* Dkt. No. 16 at 2 (citing *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)). This determination was left undisturbed by the Fifth Circuit. *See* Dkt. No. 28. Similarly, Judge Lindsay's Memorandum Opinion and Order held that Plaintiff did not allege a constitutional violation of his Fourteenth Amendment due process rights because he was provided an adequate post-deprivation remedy under Texas law. *See* Dkt. No. 16 at 3 (citing *Collins v. King*, 743 F.2d 248, 252 (5th Cir. 1984)). This finding, too, was not addressed by the Fifth Circuit. *See* Dkt. No. 28. Further, *Parratt v. Taylor*, 451 U.S. 527, 544 (1981) and *Hudson v. Palmer*, 468 U.S. at 553 bar due process claims under 42 U.S.C. § 1983 where an adequate post-deprivation remedy exists. Accordingly, Plaintiff's Fourth Amendment and due process claims are barred and should be summarily dismissed.

Plaintiff's claims against Defendants Winfield and Richey were summarily dismissed because the failure to investigate or respond to a grievance is not actionable under 42 U.S.C. § 1983. *See* Dkt. No. 11 (citing *Lewis v. Cotton*, No. 3:08-cv-2293-N, 2009 WL 12282, at *2 (N.D. Tex. May 4, 2009)). Plaintiff did not object to this finding by Judge Kaplan, *see* Dkt. No. 12; it was accepted by Judge Lindsay, *see* Dkt. No. 16; and the Fifth Circuit did not address it on appeal, *see* Dkt. No. 28. Plaintiff's complaint and interrogatory responses make clear that he seeks to hold Winfield and Richey responsible solely because they failed to investigate and act upon his grievances against Sergeant Young. *See* Dkt. No. 3 at 3-4; Dkt. No. 10 at 2, 5, & 7.

An individual cannot be held responsible under Section 1983 for the constitutional violations of subordinates or for failing to take corrective action in response to grievances. *See Campbell v. Tyson*, No. 3:13-cv-1003-M-BN, 2013 WL 2094987, at *3 (N.D. Tex. Apr. 23, 2013) (citing *Mitchell v. Valdez,* No. 3:07-cv-0036-B, 2007 WL 1228061, at *2 & n.1 (N.D. Tex. Apr. 25, 2007)), *rec. adopted*, 2013 WL 2097363 (N.D. Tex. May 14, 2013). And a failure to respond to a letter or grievance does not rise to the required level of personal involvement for liability. *See Beavers v. Brown*, No. 3:13-cv-1395-B, 2013 WL 6231542, at *6 (N.D. Tex. Dec. 2, 2013) (citing *Amir-Sharif v. Valdez,* No. 3:06-cv-2258-P, 2007 WL 1791266, at *2 (N.D. Tex. June 6, 2007)).

In any case, the United States Court of Appeals for the Fifth Circuit has held that inmates do not have a constitutionally protected interest in having grievances resolved to their satisfaction. *See Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005)

("As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *see also Mahogany v. Miller,* 252 F. App'x 593, 595 (5th Cir. 2007) (holding that the plaintiff had no actionable 42 U.S.C. § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances). A prison system is not required to establish grievance procedures, and the failure of a jail or prison to establish or adhere to a grievance procedure does not rise to the level of an actionable claim. *See* 42 U.S.C. § 1997e(b); *see also Bradford v. Kuykendall,* No. 6:04-cv-565, 2005 WL 1521016, at *5 (E.D. Tex. June 24, 2005) (citing *Geiger,* 404 F.3d at 374). Inmates have no basis for a civil rights lawsuit simply because they are unhappy with grievance procedures. *See id.*

Therefore, Plaintiff's claims against Winfield and Richey should be summarily dismissed.

**Recommendation**

Plaintiff's claims for violation of his Fourth Amendment rights and Fourteenth Amendment due process rights and all claims against Warden R. Winfield and Linda Richey should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's First Amendment freedom of expression claim should be permitted to proceed, and Sergeant C. Young should be served by the United States Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 22, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE