IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND CHRISTOPH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-2152-L-BN |
| | § | |
| SERGEANT C. YOUNG, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On January 27, 2016, United States District Judge Sam A. Lindsay recommitted this *pro se* 42 U.S.C. § 1983 action to the undersigned United States magistrate judge "for further proceedings, as necessary, with respect to [Plaintiff Raymond Christoph's First Amendment freedom of expression claim] against Sergeant C. Young." Dkt. No. 36 at 1. The undesigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this case for Christoph's failure to prosecute and obey orders of the Court.

## Applicable Background

The United States Court of Appeals for the Fifth Circuit vacated this Court's dismissal of Christoph's lawsuit against employees of the Dawson State Jail and the Texas Department of Criminal Justice, alleging that they violated his constitutional rights by improperly seizing his artwork from his prison cell, and remanded this action for additional proceedings. *See Christoph v. Young*, 567 F. App'x 268 (5th Cir. 2014)

(per curiam). Following remand, the Court summarily dismissed Christoph's claims for violation of his Fourth Amendment rights and Fourteenth Amendment due process rights and all claims against Warden R. Winfield and Linda Richey but determined that Christoph's First Amendment freedom of expression claim should be permitted to proceed and that Sergeant C. Young should be served by the United States Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). *See Christoph v. Young*, No. 3:12-cv-2152-L, 2014 WL 5032719 (N.D. Tex. Oct. 7, 2014).

The Marshal attempted service on Young but could not locate the defendant. *See* Dkt. Nos. 33, 34, & 35.

After Judge Lindsay recommitted this action to the undersigned, following the failed attempt to serve Young, the Court issued a questionnaire to Christoph on January 28, 2016 to gain additional information with regard to service of process. *See* Dkt. No. 37; *see also, e.g., Boyer v. Taylor*, Civ. A. No. 06-694-GMS, 2009 WL 2338173, at *11 (D. Del. July 30, 2009) ("While *in forma pauperis* status confers entitlement to issuance and service of process, *see* 28 U.S.C. § 1915(d); *see* FED. R. CIV. P. 4(c)[(3)], a district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process. Indeed, it is the plaintiffs' responsibility to provide the proper address of the defendants to complete service." (collected cases omitted)).

That questionnaire cautioned Christoph that "[f]ailure to provide answers to all questions may result in the dismissal of the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." Dkt. No. 37 at 2.

But the questionnaire, as well as Judge Lindsay's January 27, 2016 order – sent

to the last address Christoph provided to the Court – have both been returned as undeliverable. *See* Dkt. Nos. 38 & 39.

In this regard, the Court has admonished Christoph though orders not returned as undeliverable that he was responsible for notifying the Court of changes of address and that any failure to do so could result in the dismissal of his lawsuit under Rule 41(b). *See* Dkt. Nos. 6 & 8. Indeed, Christoph received the message, as he has twice before notified the Court of changes of address. *See* Dkt. Nos. 9 & 13.

### Legal Standards and Analysis

Rule 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "Several" of the

following four factors generally must be present before a district court may dismiss an action with prejudice based on a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the [Court's] order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); other citations omitted); *see also Clewis v. Medco Health Solutions, Inc.*, No. 3:12-cv-5208-L, 2014 WL 840026, at *6 (N.D. Tex. Mar. 4, 2014) (distinguishing *Berry* – in which the Fifth Circuit stated, "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion." 975 F.2d at 1191 n.6 (citations omitted) – because "[i]n *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal," whereas Clewis's conduct was "intentional and willing").

By failing to respond to the Court's questionnaire and by failing to keep the Court updated as to his current address, Christoph has prevented this action from proceeding, and he has therefore failed to prosecute his lawsuit and obey the Court's orders.

"[A]s this Court has observed more than once, '[w]here months pass without any contact by a plaintiff and all mail sent to a plaintiff within the same time period – at the only address plaintiff provides – is returned as undeliverable, the court has no

option but to conclude that plaintiff has abandoned the prosecution of his lawsuit.'" *Davis v. Hernandez*, No. 3:12-cv-2013-L-BN, 2016 WL 335442, at *3 (N.D. Tex. Jan. 5, 2016), *rec. adopted*, 2016 WL 320644 (N.D. Tex. Jan. 27, 2016) (quoting *Beck v. Westbrook*, No. 3:14-cv-2364-B, 2015 WL 7241377, at *2 (N.D.Tex. Oct. 6, 2015), *rec. adopted*, 2015 WL 7196340 (N.D. Tex. Nov. 16, 2015)).

A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Christoph decides to provide the Court with his current address and/or otherwise comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

This action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Christoph contacts the Court, the Court should refer this action back to the undersigned for further consideration.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 4, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE